IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Scott A. Smith )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Asset Acceptance, LLC, )<br>)<br>Defendant )<br>) | Civil Action No. 3:14-CV-596<br><br>Jury Trial Demanded |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

## JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transact business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Scott A. Smith (hereafter referred to as "Plaintiff" and/or "Mr. Smith") is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant Asset Acceptance, LLC (hereafter referred to as "Defendant Asset") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited-liability company organized in Delaware, with its principal office located at 28405 Van Dyke Avenue, Warren, MI 48093-7132 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant Asset alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Within a year prior to the filing of this Complaint, Defendant Asset sent a collection letter dated January 8, 2014 to Mr. Smith.

12. The January 8, 2014 collection letter from Defendant Asset was a "communication"

2

made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the January 8, 2014 collection communication is attached hereto as Exhibit A and incorporated herein by reference.

13. The January 8, 2014 collection letter stated (a) the original creditor on the account as CitiBank; (b) the last four digits of the creditor account as 0642; (c) the last four digits of Defendant Asset's account as 9867; and (d) the Plaintiff owed a balance of $1,834.98.

14. Thereafter, Mr. Smith received a subsequent collection letter from Defendant Asset approximately five (5) months later dated June 1, 2014.

15. The June 1, 2014 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the June 1, 2014 collection communication is attached hereto as Exhibit B and incorporated herein by reference.

16. The June 1, 2014 collection letter stated (a) the original creditor on the account as CitiBank; (b) the last four digits of the creditor account as 0642; (c) the last four digits of Defendant Asset's account as 9867; and (d) the Plaintiff owed a balance of $1,861.36.

17. Thereafter, Mr. Smith received a subsequent collection letter from Defendant Asset approximately two (2) months later dated August 1, 2014.

18. The August 1, 2014 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the August 1, 2014 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

19. The August 1, 2014 collection letter stated (a) the original creditor on the account as CitiBank; (b) the last four digits of the creditor account as 0642; (c) the last four digits of Defendant

Asset's account as 9867; and (d) the Plaintiff owed a balance of $1,872.95.

20. Thereafter, Mr. Smith received a subsequent collection letter from Defendant Asset approximately two (2) months later dated October 1, 2014.

21. The October 1, 2014 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the October 1, 2014 collection communication is attached hereto as Exhibit D and incorporated herein by reference.

22. The October 1, 2014 collection letter stated (a) the original creditor on the account as CitiBank; (b) the last four digits of the creditor account as 0642; (c) the last four digits of Defendant Asset's account as 9867; and (d) the Plaintiff owed a balance of $1,886.53.

23. Thereafter, Mr. Smith received a subsequent collection letter from Defendant Asset approximately one (1) month later dated November 1, 2014.

24. The November 1, 2014 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the November 1, 2014 collection communication is attached hereto as Exhibit E and incorporated herein by reference.

25. The November 1, 2014 collection letter stated (a) the original creditor on the account as CitiBank; (b) the last four digits of the creditor account as 0642; (c) the last four digits of Defendant Asset's account as 9867; and (d) the Plaintiff owed a balance of $1,892.13.

26. Thereafter, Mr. Smith received a subsequent collection letter from Defendant Asset approximately one (1) month later dated December 1, 2014.

27. The December 1, 2014 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as

4

that term is defined by 15 U.S.C. §1692a(2). A copy of the December 1, 2014 collection communication is attached hereto as Exhibit F and incorporated herein by reference.

28. The December 1, 2014 collection letter stated (a) the original creditor on the account as CitiBank; (b) the last four digits of the creditor account as 0642; (c) the last four digits of Defendant Asset's account as 9867; and (d) the Plaintiff owed a balance of $1,897.72.

29. Plaintiff has made no payments to the above-referenced account since the January 8, 2014 collection correspondence.

## CAUSES OF ACTION
## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

30. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 29 above as if set forth fully herein.

31. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

32. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $1,834.98 is demanded in the Defendant's collection letter dated January 8, 2014; then the balance increases to $1,861.36 pursuant to Defendant's collection letter dated June 1, 2014; the balance then increases to $1,872.95 pursuant to Defendant's collection letter dated August 1, 2014; the balance then increases to $1,886.53 pursuant to Defendant's collection letter dated October 1, 2014; the balance increases to $1,892.13 pursuant to Defendant's collection letter dated

November 1, 2014; then the balance increases to $1,897.72 pursuant to Defendant's collection letter dated December 1, 2014.

33. A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Mr. Smith confused as to the amount owed since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

34. A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 3.644% based upon an annual percentage rate ("APR") from the January 8, 2014 collection letter demanding $1,834.98 to the June 1, 2014 collection letter demanding $1,861.36.

35. An additional calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 3.726% APR from the June 1, 2014 collection letter demanding $1,861.36 to the August 1, 2014 collection letter demanding $1,872.95.

36. An additional calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 4.338% APR based upon an annual percentage rate ("APR") from the August 1, 2014 collection letter demanding $1,872.95 to the October 1, 2014 collection letter demanding $1,886.53.

37. An additional calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 3.495% APR based upon an annual percentage rate ("APR") from the October 1, 2014 collection letter demanding $1,886.53 to the November 1, 2014 collection letter demanding $1,892.13.

38. And finally, an additional calculation of the Defendant's demands of various

balances on this account demonstrates interest accruing on the account at a rate of 3.594% APR based upon an annual percentage rate ("APR") from the November 1, 2014 collection letter demanding $1,892.13 to the December 1, 2014 collection letter demanding $1,897.72.

39. Mr. Smith asserts his interest rate on his CitiBank account ending in 0642 was never 3.644% APR, 3.726% APR, 4.338% APR, 3.495% APR, nor 3.594% APR.

40. By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, Defendant has confused Mr. Smith as to what amount of money he owes on this account.

41. Mr. Smith asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

42. Mr. Smith asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

43. Mr. Smith further asserts that Defendant is attempting to keep him confused as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him.

44. Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if he were to pay the full amount demanded of him, Defendant may still seek more from him in the future.

45. The collection letters from Defendant assert varying balances owed, and after

7

Case 3:14-cv-00596-PLR-HBG   Document 1   Filed 12/22/14   Page 7 of 10   PageID #: 7

calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

46. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE AMOUNT OF THE ALLEGED DEBT

47. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 46 above as if set forth fully herein.

48. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

49. Each and every letter from Defendant demands a different amount from the Plaintiff.

50. As more fully described in the first cause of action *supra*, a calculation of the time between Defendant Asset's collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

51. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Mr. Smith as to what amount of money is owed on this account.

52. Mr. Smith is confused as to what amount is owed on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

53. As a result of Defendant's actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

54. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 53 above as if set forth fully herein.

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 22nd day of December, 2014.

                                        SCOTT A. SMITH

                              BY:    /s/ Brent Travis Strunk_____
                                          Brent Travis Strunk (BPR 023050)
                                          Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net

10

Case 3:14-cv-00596-PLR-HBG   Document 1   Filed 12/22/14   Page 10 of 10   PageID #: 10